IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESUS LUCERO-CANTU,<br><br>                Petitioner,<br><br>     v.<br><br>GREG LONDON, Sarpy County Sheriff; JO MARTIN, Sarpy County Jail Director; KRISTI NOEM, Secretary, United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States; DAREN MARGOLIN, Director, Executive Office for Immigration Review; TODD LYONS, Acting Director, Immigration and Customs Enforcement; PETER BERG, Director, St. Paul ICE Field Office; DEPARTMENT OF HOMELAND SECURITY, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, IMMIGRATION AND CUSTOMS ENFORCEMENT; and OMAHA IMMIGRATION COURT,[1]<br><br>                Respondents. | 8:25CV625<br><br>**MEMORANDUM<br>AND ORDER** |

On October 21, 2025, Jesus Lucero-Cantu ("Lucero"), a native and citizen of Mexico, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Filing No. 1) against Greg London, Sarpy County Sheriff ("Sheriff London"); Jo Martin, Sarpy County Jail Director ("Director Martin"); Kristi Noem, Secretary of the United States Department of Homeland Security ("DHS"); Daren Margolin, Director of the Executive Office for Immigration Review ("EOIR"); Todd Lyons, Acting Director of Immigration and Customs

---

[1] Though unapparent from the case caption, Lucero writes in the body of his habeas petition that all the respondents are named in their official capacities.

Enforcement ("ICE"); Peter Berg, Director of St. Paul ICE Field Office; DHS; EOIR; ICE;[2] and Omaha Immigration Court[3] (together, "respondents").

Lucero primarily seeks immediate release from the Sarpy County Jail in Bellevue, Nebraska where he is being held while his removal proceedings are pending (Filing No. 1).[4] Though he had a master-calendar hearing before an immigration judge ("IJ"), he alleges the IJ failed to adequately consider his request for release on bond. The IJ found that he did not have jurisdiction to consider Lucero's bond request under *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), which held IJs lack authority to hear bond requests or to grant bond to aliens who are present in the United States without admission. Lucero argues his detention violates Section 236 of the Immigration and Nationality Act of 1952, 8 U.S.C. § 1226, his substantive and procedural due process rights under the Fifth Amendment to the United States Constitution, and the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*

The matter is now before the Court on Lucero's Motion for an Order to Show Cause (Filing No. 12) why the petition should not be granted. Before addressing the merits of the show-cause motion, the Court finds it important to clarify that the proper respondent to a habeas petition challenging present physical custody is "the person who has custody over [the petitioner]." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242)); *see also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). The Supreme Court has explained

---

[2] "[A]n official-capacity suit is a suit against a government entity 'in all respects other than name,'" so naming DHS, EOIR, and ICE in addition to the Directors of those government entities in their official capacities is "redundant[.]" *Banks v. Slay*, 875 F.3d 876, 880-81 (8th Cir. 2017) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).

[3] The Omaha Immigration Court falls under the jurisdiction of the Office of the Chief Immigration Judge, which is a component of the EOIR under the Department of Justice.

[4] He alternatively asks the Court to "issue a preliminary injunction requiring EOIR to provide [Lucero] with a bond hearing within seven days," presumably under Federal Rule of Civil Procedure 65.

that the "consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition." *Rumsfeld*, 542 U.S. at 434. The custodian is "'the person' with the ability to produce the prisoner's body before the habeas court." *Id.*; *see also Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) (explaining "[t]he writ of habeas corpus" acts upon "the person who holds [the detainee] in what is alleged to be unlawful custody"); *Braden*, 410 U.S. at 495 ("[T]his writ ... is directed to ... [the] jailer.").

The Supreme Court has concluded that "in habeas challenges to present physical confinement," "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld*, 542 U.S. at 435. This immediate-custodian rule is not limited to cases involving federal criminal violations. *Id.* at 437; *see also id.* at 439 ("We have never intimated that a habeas petitioner could name someone other than his immediate physical custodian as respondent simply because the challenged physical custody does not arise out of a criminal conviction."). The "identification of the party exercising legal control *only* comes into play when there is *no immediate physical custodian* with respect to the challenged 'custody.'" *Id.* at 439 (emphasis added).

Here, Lucero seeks to challenge his present physical custody in Sarpy County, Nebraska. Applying the immediate-custodian rule to Lucero's allegations, Sheriff London and Director Martin are presumably the proper respondents because they have immediate physical custody of Lucero. *See Rumsfeld*, 542 U.S at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); *Wales v. Whitney*, 114 U.S. 564, 574 (1885) (noting that the habeas statute "contemplate[s] a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge"); *Jones v. Biddle*, 131 F.2d 853, 854 (8th Cir. 1942) (same). Based on Lucero's allegations, the

3

parties he names "exercising legal control only" as "supervisory official[s]" are not proper respondents. *See Rumsfeld*, 542 U.S. at 439.

District courts are also "limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld*, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). The Supreme Court has interpreted this language to require "nothing more than that the court issuing the writ have jurisdiction over the custodian." *Id.* (quoting *Braden*, 410 U.S. at 495). A writ of habeas corpus is "issuable only in the district of confinement." *Id.* (quoting *Carbo v. United States*, 364 U.S. 611, 618 (1961)).

The habeas statute further provides that a court must grant the petition for writ of habeas corpus or order respondents to "show cause why the writ should not be granted unless it appears from the application that [Lucero] is not entitled" to relief. 28 U.S.C. § 2243.[5] As explained above, the order to show-cause must be "directed to the person having custody of [Lucero]." *Id.* The show cause order must "be returned within three days" unless "good cause for additional time, not to exceed twenty days, is allowed." *Id.* Moreover, the person to whom the order is directed "shall make a return certifying the true cause of [Lucero's] detention." *Id.*

The Court cannot say from the face of Lucero's petition that he is not entitled to relief. *See id.* Accordingly, the Court will order Lucero to serve his petition and a copy of this Memorandum and Order on respondents Sheriff London and Director Martin and file proof of service with the Court. Sheriff London and Director Martin shall then show cause why Lucero's writ should not be granted. After Lucero files any reply, the Court will determine whether to hold a hearing on the matter.

---

[5]The practice "of issuing an order to show cause, which the respondent may answer" is a "convenient one" which does not shift the ultimate burden of proof. *Walker v. Johnston*, 312 U.S. 275, 284 (1941); s*ee id.* at 286 (noting that "[o]n a hearing [the § 2241 petitioner has] the burden of sustaining his allegations by a preponderance of evidence").

The Court finds the need to serve Sheriff London and Director Martin and the complexity of the legal issues raised by Lucero's petition constitute good cause for the briefing schedule to the extent it allows a response outside the three-day return a on show-cause order provided in 28 U.S.C. § 2243. Accordingly,

IT IS ORDERED:

1. Petitioner Jesus Lucero-Cantu's Motion for an Order to Show Cause (Filing No. 12) is granted in part and denied in part.
2. Lucero shall serve his Petition for Writ of Habeas Corpus (Filing No. 1) and a copy of this Order on respondents Greg London and Jo Martin and file proof of such service with the Court.
3. London and Martin shall show cause why the petition should not be granted within three business days after Lucero serves them.
4. Lucero shall have three business days from the date of each response to file a reply.
5. The Court will then determine whether to hold a hearing on this matter.

Dated this 5th day of December 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge