IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JESUS LUCERO-CANTU, | | |
| Petitioner, | | **8:25CV625** |
| v. | | |
| GREG LONDON, Sarpy County Sheriff; JO MARTIN, Sarpy County Jail Director; MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security; TODD BLANCHE, Acting Attorney General of the United States; DAREN MARGOLIN, Director, Executive Office for Immigration Review; TODD LYONS, Acting Director, Immigration and Customs Enforcement; DAVID EASTERWOOD, Director, St. Paul ICE Field Office;[1] DEPARTMENT OF HOMELAND SECURITY, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, IMMIGRATION AND CUSTOMS ENFORCEMENT; and OMAHA IMMIGRATION COURT,[2] | | **MEMORANDUM AND ORDER** |
| Respondents. | | |

On October 21, 2025, Jesus Lucero-Cantu ("Lucero-Cantu"), a native and citizen of Mexico, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Filing No. 1) naming as respondents Greg London, Sarpy County Sheriff ("London"); Jo Martin, Sarpy

---

[1]Peter Berg retired from United States Immigration and Customs Enforcement ("ICE") in June 2025. David Easterwood appears to be the Director of the St. Paul Field Office for ICE.

[2]Markwayne Mullin was sworn in March 24, 2026, and is automatically substituted for his predecessor, Kristi Noem. *See* Fed. R. Civ. P. 25(d). Todd Blanche, the Acting Attorney General of the United States, is likewise substituted for his predecessor, Pamela Bondi. *See id.* The Clerk of Court is directed to make those changes on the docket sheet.

County Jail Director ("Martin"); Markwayne Mullin, Secretary of the United States Department of Homeland Security ("DHS"); Todd Blanche, Acting Attorney General of the United States; Daren Margolin, Director of the Executive Office for Immigration Review ("EOIR"); Todd Lyons, Acting Director of ICE; Peter Berg, Director of St. Paul ICE Field Office; DHS; EOIR; ICE;[3] and the "Omaha Immigration Court" (together, "respondents").

The Court ordered Lucero-Cantu to serve his petition on his purported physical custodians, London and Martin, and file proof of such service with the Court (Filing No. 13). *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 493-500 (1973). Although Lucero-Cantu never filed proof of any service, London moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) (Filing No. 15), arguing he is not a proper respondent (Filing No. 16). Rather than respond to the motion to dismiss, Lucero-Cantu filed a Motion for Leave to Amend (Filing No. 19) but did not "file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments." NECivR 15.1(a). The magistrate judge denied that motion (Filing No. 20), clarifying that Lucero-Cantu could "refile a motion seeking leave to amend in compliance with NECivR 15.1(a)." To date, Lucero-Cantu has not renewed his request to amend, responded to the motion to dismiss, or taken any other action in his case.

"A brief opposing a motion to dismiss . . . must be filed and served within 21 days." NECivR 7.1(b)(1)(B). Not only has the 21-day deadline long passed, but in his motion to amend, Lucero-Cantu states he is "no longer detained in the Sarpy County Jail" and

---

[3]"[A]n official-capacity suit is a suit against a government entity 'in all respects other than name,'" so naming DHS, EOIR, and ICE in addition to the Directors of those government entities in their official capacities is "redundant[.]" *Banks v. Slay*, 875 F.3d 876, 880-81 (8th Cir. 2017) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).

2

respondents "Greg London and Jo Martin no longer have a role in these proceedings."[4] And upon further review of Lucero-Cantu's petition, and in light of the Eighth Circuit's recent determination in *Avila v. Bondi*, No. 25-3248, 2026 WL 819258, at *6 (8th Cir. Mar. 25, 2026), it "appears from the application that" he is not entitled to any relief. 28 U.S.C. § 2243.

Lucero-Cantu's petition asserts five claims for relief. The first two are based on his belief that he is being unlawfully detained pursuant to the Immigration and Nationality Act ("INA") § 235(b)(2), 8 U.S.C. § 1225(b)(2)(A). In his view, he "may be detained, if at all, pursuant to [section 236(a) of the INA,] 8 U.S.C. § 1226(a)." He next argues that because § 1226(a)'s associated regulations provide for a bond hearing, and he is only subject to detention "under 8 U.S.C. § 1226(a), the Due Process Clause of the Fifth Amendment to the United States Constitution requires that [he] receive a bond hearing with strong procedural protections." Lucero-Cantu's fifth cause of action alleges a "Violation of Administrative Procedure Act (5 U.S.C. § 706)," and claims the "the [Board of Immigration Appeal's ("BIA")] decision in *Matter of Hurtado* is unlawful because it violates the Administrative Procedure Act, including because the BIA's decision is arbitrary, capricious, and contrary to law." *See Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). The BIA's decision in *Matter of Hurtado* held that the applicable statutory provision for detention of undocumented aliens present in the country without lawful admission is § 1225(b), not § 1226(a). He asks the Court to "declare he is detained pursuant to 8 U.S.C. § 1226" and either order a bond hearing or his release.

Though arguably cognizable when first made, *Avila* puts the bulk of these arguments to rest. *See Avila*, 2026 WL 819258, at *6 (holding that "applicants for admission" like

---

[4]Lucero-Cantu did not clarify whether he is still detained in Nebraska. This Court's habeas jurisdiction only extends to persons detained within the District of Nebraska. *See* 28 U.S.C. § 2241(d).

3

Lucero-Cantu who are present in the country without lawful admission are also "seeking admission" and thus subject to mandatory detention under § 1225(b)(2)(A)).

Lucero-Cantu's remaining arguments likewise fail to provide any basis for relief. His third claim asserts civil detention without an individualized hearing violates his procedural-due-process rights "regardless of what statute might apply to purportedly authorize such detention." His fourth claim purportedly asserts a substantive-due-process violation but mirrors his procedural-due-process claim, merely lamenting the government's "lack of steps" to ensure he is properly detained. *See Mendez Leiva v. Berg*, No. 4:26CV3023, 2026 WL 948430, at *5 (D. Neb. Apr. 8, 2026) (explaining how to bring a substantive-due-process claim and finding no substantive-due-process violation in a § 2241 immigration-detention case). In Lucero-Cantu's view, his detention does not bear a "'reasonable relation' to the purposes of immigration detention." These arguments are simply not borne out by the record.

The Supreme Court has long upheld "detention during deportation proceedings as a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003); *accord Carlson v. Landon*, 342 U.S. 524, 538 (1952) ("Detention is necessarily a part of this deportation procedure."); *Wong Wing v. United States*, 163 U.S. 228, 235 (1896) ("Proceedings to exclude or expel would be vain if those accused could not be held in custody pending the inquiry into their true character, and while arrangements were being made for their deportation.").

While aliens are entitled to "due process of law in deportation proceedings," *Reno v. Flores*, 507 U.S. 292, 306 (1993), the Supreme Court "has firmly and repeatedly endorsed the proposition that Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Demore*, 538 U.S. at 522; *accord Flores*, 507 U.S. 305-06 (same); *see also Mendez Leiva*, 2026 WL 948430, at *2-5 (analyzing the procedural-due-process issue in a § 2241 immigration-detention case).

Lucero-Cantu explains he is currently in removal proceedings before an IJ. He further states the IJ denied him bond because he is an "applicant for admission," that is, "an alien present in the United States who has not been admitted." 8 U.S.C. § 1225(a). Thus, he is subject to mandatory detention under § 1225(b)(2)(A). *See Avila*, 2026 WL 819258, at \*5-6. "[T]he government can detain [Lucero-Cantu] for as long as deportation proceedings are still 'pending.'" *Banyee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024) (quoting *Demore*, 538 U.S. at 527)). Not only is Lucero-Cantu's detention "necessarily a part" of his removal proceedings, *Carlson*, 42 U.S. at 538, but detention while his removal proceedings are pending is "constitutionally valid," *Banyee*, 115 F.4th at 931 (quoting *Demore*, 538 U.S. at 538).

Lucero-Cantu generally bears the burden of proving that his detention is unlawful. *See Maye v. Pescor*, 162 F.2d 641, 643 (8th Cir. 1947) (noting in a "habeas corpus proceeding, the burden [is] upon [the petitioner] to establish some or all of the charges in his petition"); *Copenhaver v. Bennett*, 355 F.2d 417, 422 (8th Cir. 1966) (same). As difficult and likely frustrating as his situation is, his arguments do not persuade the Court that his detention violates the Fifth Amendment, the INA, or any other statute.

IT IS ORDERED:

1. Petitioner Jesus Lucero-Cantu's Petition for Habeas Corpus (Filing No. 1) is denied in its entirety.

2. Respondent Greg London's Motion to Dismiss (Filing No. 15) is dismissed as moot.

3. A separate judgment will issue.

Dated this 14th day of April 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

5